UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PETER J. MAGER,

    Plaintiff,

v.                                                                           Case No. 2:16-CV-145

WISCONSIN CENTRAL LTD.,                       HON. GORDON J. QUIST

    Defendant.
_____/

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

        Plaintiff, Peter Mager, filed the instant action against Defendant, Wisconsin Central Ltd. (WCL), alleging violations of the Federal Employer's Liability Act, 45 U.S.C. § 51. On October 31, 2017, WCL filed a motion to dismiss due to Mager and his attorney's conduct, largely related to conduct at the court-ordered independent medical examination. (ECF No.34.) Mager filed an untimely response on November 15, 2017. (ECF No. 36.) WCL replied on November 21, 2017. (ECF No. 37.) Magistrate Judge Timothy Greeley, who issued the relevant orders and presided over the relevant hearings and conferences, issued a Report and Recommendation (R & R) on December 28, 2017, recommending that the Court grant WCL's motion and dismiss the case with prejudice. (ECF No. 40.) Mager filed objections on January 11, 2018 (ECF No. 41), and WCL responded. (ECF No. 42.)

        Pursuant to Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule

72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Mager's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Magistrate Judge Greeley's R & R provided a full summary of the relevant facts of the case and relied on a significant body of Sixth Circuit case law to support dismissing Mager's case for failing to comply with the Federal Rules of Civil Procedure and with court orders.

Mager does not engage with the case law at all, except for *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2001), which discouraged dismissing a case for purposes of disciplining the attorney. The R & R adequately distinguished the facts of the instant case in light of *Mulbah*. (ECF No. 40 at PageID.261–62.) Mager attempts to discount his and his counsel's misconduct, but fails to show that the R & R's conclusions are incorrect. Mager and his counsel both committed misconduct and have failed to offer a convincing substantive or legal rebuttal to the R & R. Having reviewed the R & R, the Court finds no error and will dismiss the case with prejudice.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's R & R (ECF No. 40) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Plaintiff's Objections (ECF No. 41) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (ECF No. 34) is **GRANTED**, and the case is **dismissed with prejudice**.

The case is concluded.

A separate judgment will issue.

Dated: March 9, 2018                              /s/ Gordon J. Quist
                                               GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE